J-S47020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JERMAINE ABRAMS | : | |
| Appellant | : | No. 601 EDA 2025 |

Appeal from the PCRA Order Entered January 30, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1109861-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JERMAINE ABRAMS | : | |
| Appellant | : | No. 602 EDA 2025 |

Appeal from the PCRA Order Entered January 30, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1111452-2002

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 13, 2026**

In these consolidated matters, Appellant, Jermaine Abrams, appeals *pro se* from the January 30, 2025 order dismissing his serial petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545.  We affirm.

A panel of this Court previously summarized the facts and procedural history of this case as follows.

In 2002, at the age of 17, [Appellant] participated in . . . three [] robberies, two in Philadelphia[, Pennsylvania] and one in Chester, Delaware County, Pennsylvania. All three robbery victims were shot multiple times; two did not survive. In February 2004, [Appellant] and his co-defendant[,] Caleb Butler[,] were tried jointly for one of the murders before the Honorable Jane Cutler Greenspan. The jury found [Appellant] guilty of first[-]degree murder, robbery, criminal conspiracy, possession of an instrument of [a] crime, and one violation of the Uniform Firearms Act (VUFA). In March 2004, [Appellant] was tried by a separate jury for [the other] murder. The jury found [Appellant] guilty of first[-]degree murder, criminal conspiracy, possession of an instrument of [a] crime, and one violation of the VUFA. At both trials, Anthony Murphy, [Appellant's] co-conspirator in one of the robberies, testified against him.

On May 6, 2004, Judge Greenspan sentenced [Appellant] to consecutive life sentences for the murders as well as a consecutive aggregate term of 44 to 90 years['] state incarceration [for] the remaining charges.

[Appellant] did not file a direct appeal in either case. On October 4, 2004, [however,] he filed a PCRA petition, requesting that his appellate rights be reinstated *nunc pro tunc*. This request was granted[,] and he filed direct appeals. On January 13, 2006, [this Court] affirmed [Appellant's] judgment[s] of sentence. [**See Commonwealth v. Abrams**, [895 A.2d 644] (Pa. Super. [2006]) [(non-precedential decision). Our Supreme Court subsequently] denied *allocatur* on August 29, 2006. [**See Commonwealth v. Abrams**, 906 A.2d 537 (Pa. 2006)].

On April 5, 2007, [Appellant] filed his first substantive PCRA petition. On December 11, 2007, [court-appointed] counsel filed a "no-merit" letter pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. Judge Greenspan dismissed [the] petition based upon counsel's [**Turner**/**Finely** letter] on February 5, 2008. [This Court affirmed the PCRA court's dismissal on December 17, 2008. **See Commonwealth v. Abrams**, 965 A.3d 286 (Pa. Super. 2008) (non-precedential decision).]

\*\*\*

Appellant filed a second *pro se* PCRA petition on July 6, 2010, followed by several *pro se* pleadings wishing to amend his petition and requesting an evidentiary hearing. In his petition and supplemental filings, Appellant alleged he was entitled to relief under **Graham v. Florida**, 560 U.S. 48 (2010), and **Miller v. Alabama**, 567 U.S. 460 (2012), because he was sentenced to life without parole as a juvenile. On November 12, 2015, the PCRA court issued a notice to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, stating that **Miller** was not held to be applied retroactively. On December 22, 2015, the PCRA court dismissed his second petition as untimely.

Appellant filed a *pro se* notice of appeal. While the matter was pending before this Court, the United States Supreme Court decided **Montgomery v. Louisiana**, 577 U.S. 190, (2016). In **Montgomery**, the Supreme Court held that **Miller** announced a new substantive rule of law that applies retroactively. Thereafter, this Court held that **Montgomery** renders "retroactivity under **Miller** effective as of the date of the **Miller** decision." **Commonwealth v. Secreti**, 134 A.3d 77, 82 (Pa. Super. 2016). Consequently, in the present matter, a panel of this Court reversed the PCRA court's order and remanded for resentencing. **Commonwealth v. Abrams**, [161 A.3d 380 (Pa. Super. 2017) (non-precedential decision)].

The trial court scheduled a hearing on December 18, 2018, to resentence Appellant at each docket. However, before the hearing, on December 10th, he filed a counseled third PCRA petition. On September 12, 2019, the court dismissed Appellant's third petition as untimely. On September 8, 2020, this Court affirmed the order dismissing his petition. [**Commonwealth v. Abrams**, 240 A.3d 911 (Pa. Super. 2020) (non-precedential decision).]

Thereafter on November 15, 2021, the trial court resentenced Appellant at each of his dockets . . . [and] imposed [] concurrent terms of 30 years to life for both of Appellant's convictions for first-degree murder. The court imposed no further penalty on the remaining convictions at each docket.

On April 11, 2022, Appellant filed [another] PCRA petition, his fourth. … On June 3, 2022, the PCRA court dismissed his petition. [This Court affirmed the PCRA court's order on August 21, 2023].

***Commonwealth v. Abrams***, 2023 WL 5345002, *1-*3 (Pa. Super. 2023) (non-precedential decision) (most internal citations and all footnotes omitted).

On October 4, 2024, Appellant filed the instant PCRA petition, his fifth. On November 21, 2024, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. After securing an extension, Appellant responded on December 12th and 24, 2024. On January 30, 2025, the PCRA court entered an order dismissing Appellant's petition. This timely appeal followed.[1]

Appellant raises the following issue on appeal:

> [Did the PCRA court err in dismissing Appellant's PCRA petition as untimely?]

***See generally***, Appellant's Brief at 1-2.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" ***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted). "The question of whether a petition is timely raises a question of law, and where a petition[] raises questions of law, our standard of review is *de novo* and our

_____

[1] This Court consolidated the instant appeals *sua sponte* on May 1, 2025. **See** Order, 5/1/25.

- 4 -

scope of review is plenary." **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on November 27, 2006, when the time for filing a writ of *certiorari* with the United States Supreme Court expired.[2] Appellant, however, did not file the current PCRA petition until October 4, 2024, approximately 18 years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of

_____

[2] As we discussed **supra**, Appellant was previously resentenced on November 15, 2021 in light of **Miller** and **Montgomery**. This Court has stated that if an appellant receives relief that does "not affect the adjudication of guilt but merely the sentence imposed" it does not "'reset' the date used to determine the finality of judgment." **Commonwealth v. Dehart**, 730 A.2d 991, 993-994, n.2 (Pa. Super. 1998). Hence, for purposes of the instant appeal, Appellant's judgment of sentence became final on November 27, 2006. **See Commonwealth v. Lesko**, 15 A.3d 345, 366-367 (Pa. 2011); **see also Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008).

the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

On appeal, Appellant argues that he satisfied both the newly-discovered fact and governmental interference exceptions to the PCRA time-bar. In particular, Appellant alleges that he recently discovered that a trial witness, Edward Webster, was previously arrested and on probation during his trial. In addition, Appellant contends that the Commonwealth was aware of Mr. Webster's criminal history and failed to disclose this information to Appellant and, in so doing, violated ***Brady v. Maryland***, 373 U.S. 83 (1963).

This Court previously explained the newly-discovered fact exception as follows:

The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

In addition, our Supreme Court stated the following when discussing the governmental interference exception:

> Although a ***Brady*** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008) (most internal citations omitted).

Appellant's effort to invoke the new facts and governmental interference exceptions fail. The PCRA court astutely recognized:

> With regard to Edward Webster's criminal history, [Appellant's] assertion that the claim falls under the newly-discovered fact and government interference exceptions is unpersuasive, as he has not demonstrated that his failure to previously raise the claim was the result of government interference or that he exercised due diligence in obtaining the information. Quite the contrary, Webster's criminal history was part of the public record at the time of [Appellant's] trial. [Hence, t]he information was publicly available more than [20] years ago during his trial, when he was represented by counsel, and he has not demonstrated due diligence in attempting to obtain [that] information sooner.

PCRA Court Opinion, 1/30/25, at 6. Our review of the certified record confirms the PCRA court's findings. Indeed, in Appellant's PCRA petition, Appellant claims that he became aware of Mr. Webster's criminal history after he contacted the state police in July 2024. ***See*** Appellant's PCRA Petition,

- 7 -

10/4/24, at *3 (unpaginated). While Appellant argues that he was unable to obtain this information earlier due to the "Juvenile Act which protects juvenile records," the criminal report obtained by Appellant, which he attached to his PCRA petition, reveals that Mr. Webster's criminal charges occurred when he was 18 years old, not while he was a juvenile. *See* Appellant's Response to PCRA Court's 907 Notice, 12/12/24, at *2 (unpaginated); *see also* Appellant's PCRA Petition, 10/4/24, at Exhibit B; PCRA Court Opinion, 1/30/25, at 8 ("Contrary to [Appellant's] claims in his response to [the PCRA court's] 907 notice, Edward Webster was not a minor on the date of his arrest . . . Webster was [18] years old on the date of the offense, and his record would therefore not be subject to access restrictions under the Juvenile Act"). Because Appellant fails to allege that he was prevented - by the Commonwealth or otherwise - from undertaking such action to obtain information regarding Mr. Webster's criminal history earlier, we agree with the PCRA court's assessment that Appellant did not satisfy the due diligence requirements embodied within Section 9545(b)(1)(i) and (ii). We therefore affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirm.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2026

- 8 -